## THOMAS F. O'KEEFE *vs.* THOMAS KENNEDY.

A lease for years contained a covenant on the part of the lessee, not to assign the lease, nor underlet the whole or any part of the premises, without the previous consent of the lessor in writing: The lessor gave his consent in writing, that the lessee might *underlet* the premises: The lessee afterwards made an *assignment* of the residue of the term to the plaintiff, who thereupon took possession of and occupied the premises, until he was ousted by the lessor; and then brought his action of covenant against the latter, for a breach of the covenant for quiet enjoyment contained in the lease: It being in evidence, that after the assignment, and before the eviction, the defendant received and accepted rent from the plaintiff, and gave him a written receipt therefor, in the following terms: "Received from Mr. T. O'K. ninety-five dollars for rent, in full, as per lease. In advance. $95. T. K.;" it was held, that, whether the defendant's written consent extended to an assignment of the premises, or not, which the court did not decide, the receiving of rent from the plaintiff by the defendant, with knowledge that the former had become possessed of the lease and premises by assignment, was a waiver of the restriction against assigning; and that the receipt for rent, given by the defendant to the plaintiff, referring to the lease, so as to identify it, was evidence that the defendant had knowledge of the assignment, and received the defendant as his tenant.

IN this case, which was an action of covenant, tried before *Washburn*, J., in the court of common pleas, the following facts appeared in evidence: —

The defendant, by an indenture under seal, dated November 28th, 1843, devised a brick building with the appurtenances, in Boston, to Philip A. Kirk, for the term of five years, at a rent of $380. The lease contained a covenant, on the part of the lessee, " that he or others having his estate in the premises will not assign this lease, nor underlet the whole or any part of the said premises, &c., without the consent of the said lessor, or of those having his estate in the premises, being first obtained in writing allowing thereof;" and a covenant on the part of the lessor, that the lessee and his representatives, " paying the rent aforesaid, and performing the covenants herein contained, on his and their part to be had and performed, shall peaceably hold and enjoy the said demised premises, without hinderance or interruption by the said lessor or any other person or persons whomsoever." The lease also contained a proviso, that, in case of neglect or default on the part of the lessee, &c., the lessor and those

having his estate might, whilst such neglect or default con-
tinued, and without further notice or demand, enter into and
upon the premises, and repossess the same, as of their former
estate, and expel the lessee.

On the day of the date of the indenture, the defendant
gave the lessee permission in writing to underlet the de-
mised premises.

On the 8th of April, 1844, the lessee executed under his
hand and seal an assignment of the indenture to the plaintiff.
This instrument, which was drawn on the back of the inden-
ture, purported to assign " the within lease, the within leased
premises, with all the rights, easements and privileges to the
same belonging, — he the said O'Keefe complying with all
the covenants, payments and agreements herein named to be
kept, observed and made " by the lessee.

The plaintiff, under this assignment, took possession of and
occupied the demised premises ; and he alleged in his declara-
tion, that he was afterwards disturbed by the defendant in
the quiet enjoyment of the same, and finally ousted of the
possession thereof ; wherefore he brought this action.

It was in evidence, on the part of the plaintiff, that, after
the assignment, and before he was interrupted in the quiet
enjoyment of the premises, the defendant had received and
accepted rent from him, for which the defendant had given a
receipt in the following terms : —

" May 1st, 1845.

Received from Mr. Thomas O'Keefe ninety-five dollars for rent in full as per
lease.  In advance.  $95·00.                    THOMAS KENNEDY."

The defendant requested the presiding judge to instruct
the jury, that the plaintiff could not maintain this action,
because, by the very terms and covenants of the indenture,
the lessee could not legally make the aforesaid assignment,
without having first obtained the defendant's consent thereto
in writing, and no such consent in writing had been obtained.
But the judge refused so to instruct the jury ; and, on the
other hand, ruled, that if the jury believed that the defend-
ant had received and accepted rent from the plaintiff as his

tenant, and according to the terms of the receipt, after the assignment, and with a knowledge that it had been made, the action might be maintained.

The jury thereupon returned a verdict for the plaintiff, and the defendant alleged exceptions to the said ruling and instruction.

*J. P. Healy*, for the defendant.

*M. S. Chase*, (with whom was *B. F. Hallett*,) for the plaintiff.

SHAW, C. J. A lease creating a term for years is in its own nature assignable, and may therefore be transferred by the lessee to another, unless the lessee is restrained by covenant; but such a covenant, being in restraint of the legal operation of the instrument, is to be construed strictly. The lease in question did contain such a restriction. There was a covenant on the part of the lessee not to assign, nor to underlet the whole or any part of the demanded premises, without the consent of the lessor first had and obtained in writing. The lessor did express his consent in writing that the lessee might underlet; but he now insists that this did not extend to assigning. The distinction is a narrow one, but we have not thought it necessary to consider it.

The plaintiff relies on the ground of a waiver; and the question is, whether the defendant, by receiving rent from the plaintiff, with knowledge that he had become possessed of the lease and premises by assignment, had not thereby waived the restriction. The receipt for rent, given by the defendant to the plaintiff, referring to the lease so as to identify it, was evidence to show that the defendant had knowledge of the assignment, and received the defendant as his tenant; and the fact was so found by the jury.

The court are of opinion, that the direction was right, and that the defendant had waived his exception to the lessee's power to assign. Supposing that the breach of such covenant would be a breach of condition, and would give the lessee a right to reënter, it was a covenant made for his benefit, and gave him a right which he might waive.

By receiving rent of the assignee, with a knowledge of the assignment, it seems to us very clear, that the lessor could not afterwards, consistently with good faith, assert his right to enforce the forfeiture for that cause. *Goodright* v. *Davids*, Cowp. 803 ; *Roe* v. *Harrison*, 2 T. R. 425. The first of these cases is directly in point ; in the other, the judgment was in favor of the lessor, on the ground, that at the time of the acceptance of rent, he had no knowledge of the under-letting ; thereby affirming the same principle by implication.

*Exceptions overruled.*